IN THE COURT OF APPEALS OF THE STATE OF WASHINGTON
DIVISION THREE

| | | |
|---|---|---|
| In the Matter of the Marriage of: | ) | No. 40891-4-III |
| | ) | |
| KERA GAMBLE, | ) | |
| | ) | |
| Respondent, | ) | |
| | ) | UNPUBLISHED OPINION |
| and | ) | |
| | ) | |
| ALLAN WOOLSEY, | ) | |
| | ) | |
| Appellant. | ) | |

LAWRENCE-BERREY, C.J. — The dissolution court entered an amended sexual assault protection order against Allan Woolsey and in favor of the former couple's two children. Mr. Woolsey filed a notice of appeal of the interlocutory order. We dismiss his appeal as premature.

FACTS

Mr. Woolsey and Ms. Gamble married in 2015. In 2016, Mr. Woolsey adopted Ms. Gamble's child from a previous relationship, A.G. Ms. Gamble petitioned for divorce in 2023.

Throughout the dissolution proceedings, both parties accused each other of parental unfitness, including Ms. Gamble accusing Mr. Woolsey of child abuse and later accusing him of improperly touching A.G. After multiple rounds of accusations and protective orders against one or the other parent, the dissolution court entered an amended sexual assault protection order against Mr. Woolsey, permitting him supervised visits with his biological son, but precluding him from having any contact with A.G. Mr. Woolsey promptly filed a notice of appeal.

## ANALYSIS

RAP 2.2 describes what decisions of the superior court a party may appeal as a matter of right. None of the sections or subsections of that rule permit direct review of an interlocutory protection order.

RAP 2.3(a) permits an appellate court to accept discretionary review of superior court decisions that are not appealable as a matter of right. But acceptance of discretionary review is conditioned on a showing that the lower court decision meets one of four considerations. RAP 2.3(b)(1)-(4).

Here, Mr. Woolsey did not request discretionary review and the nearest consideration that might permit review is RAP 2.3(b)(2)—"the superior court has committed probable error and the decision . . . substantially alters the status quo or

substantially limits the freedom of a party to act." Mr. Woolsey's ability to qualify for discretionary review under this consideration generally requires him to show legal, rather than factual, error. This is because we defer so much to a trial court's factual findings.

Although Mr. Woolsey raises some claims of legal error, we are convinced that any attempt by him to obtain discretionary review under this section would be futile: prior to the trial court's issuance of the amended protection order, it had issued multiple other such orders, alternating its various findings of which parent was more unfit. It is likely that the subject order, entered more than one year ago, has since been modified. We prefer to review a final protection order or parenting plan than issue an opinion on claims of error that may be moot. Once the dissolution proceeding has concluded, either party may raise issues relating to this or any other order in the proceeding by filing a timely appeal. RAP 2.3(c).

ATTORNEY FEES

Both parties seek an award of reasonable attorney fees under chapter 7.105 RCW or this court's equitable authority, accusing the other of bad faith litigation. We decline to award attorney fees. Mr. Woolsey's appeal was ill-advised, and Ms. Gamble could have had it promptly dismissed by filing a simple motion.

Dismissed.

A majority of the panel has determined this opinion will not be printed in the

Washington Appellate Reports, but it will be filed for public record pursuant to

RCW 2.06.040.

_____
Lawrence-Berrey, C.J.

WE CONCUR:

_____          _____
Murphy, J.                                Hill, J.